**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LAIKEESHA NESMITH,

Plaintiff,

v. 1:25-cv-00789 (AMN/CBF)

CITY OF ALBANY; CITY OF ALBANY POLICE DEPARTMENT; JOHN DOE 1-5 individually and in their official capacities,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**MILLS LAW GROUP PLLC** **JASPER LEE MILLS, III, ESQ.**
240 State Street – Suite 4
Schenectady, New York 12305
*Attorneys for Plaintiff*

**THE REHFUSS LAW FIRM, P.C.** **STEPHEN J. REHFUSS, ESQ.**
40 British American Blvd.
Latham, New York, 12110
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Presently before the Court is a motion for default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b) filed by plaintiff Laikeesha Nesmith ("Plaintiff") against the City of Albany ("Albany"), the City of Albany Police Department, (together with Albany, "Defendants") and five unknown John Does. Dkt. No. 11 (the "Motion"). Also before the Court is Defendants' cross-motion to set aside the default judgment pursuant to Rule 55(c). Dkt. No. 13 (the "Cross-Motion"). Defendants also opposed Plaintiff's Motion, *see id.*, and Plaintiff's opposed the Cross-

Motion, Dkt. No. 14. For the reasons that follow, the Court grants Defendants' Cross-Motion to set aside the clerk's entry of default and accordingly denies Plaintiff's Motion for default judgment as moot.

## II. BACKGROUND

On June 18, 2025, Plaintiff commenced this action alleging that Albany police officers violated her civil rights during an encounter on July 7, 2022. *See* Dkt. No. 1 at ¶¶ 7-16. ("Complaint"). Plaintiff alleges that Albany police officers approached her while she was sitting in her parked car and accused her of violating an order of protection. *Id.* at ¶ 7. Plaintiff alleges that even though she tried to explain that she was experiencing a mental health issue and had pulled over to speak with her counselor, the officers forcibly removed her from her vehicle, handcuffed her, threw her against the vehicle, and kneed her in the back. *Id.* at ¶¶ 9-15. As a result of this alleged physical abuse, Plaintiff alleges injuries to her hand, back, and face, as well as "severe emotional distress and aggravation to her current mental health diagnosis." *Id.* at ¶ 15.

Defendants allege that Albany Corporation Counsel received the Complaint on or about July 3, 2025. Dkt. No. 13-3 at ¶ 9. Plaintiff filed proof of service of the Complaint on July 9, 2025. Dkt. No. 5. On September 12, 2025, Plaintiff requested a clerk's entry of default, Dkt. No. 7, which was granted the same day, Dkt. No. 8. On October 28, 2025, Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 55.2. Dkt. No. 11 ("Motion"). Three days later, on October 31, 2025, Defendants allege that their outside counsel was notified of the Complaint and the Motion. Dkt. No. 13-3 at ¶ 12. Defendants' outside counsel then filed a notice of appearance in the case for the first time on November 4, 2025. Dkt. No. 12. On November 10, 2025, Defendants opposed Plaintiff's Motion and filed a cross-motion to set

aside the clerk's entry of Default. Dkt. No. 13 ("Cross-Motion"). Plaintiff opposed the Cross-Motion on November 25. Dkt. No. 14.

## III. STANDARD OF REVIEW

Regarding the Cross-Motion to set aside the default, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The party moving to set aside the default bears the burden of establishing "good cause." *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). "Good cause" is undefined, but courts in this Circuit consider three criteria to determine whether good cause exists for setting aside an entry of default, namely, (1) whether the default was willful; (2) whether the defaulted party presents a meritorious defense; and (3) whether setting aside the default would prejudice the responding party. *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr.*, LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) and *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d. Cir. 1993)); *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) (citing *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004)).

In considering these criteria, courts are mindful that "[s]trong public policy favors resolving disputes on the merits." *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). For this reason, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Diakuhara*, 10 F.3d at 96; *see Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort"). Defaults should also be avoided where they would lead to "a harsh result or to the entry of a large money judgment." *Sony*, 800

F.2d at 320 (citation omitted). Nevertheless, these policy interests must be balanced "against the competing interest in maintaining 'an orderly efficient judicial system' in which default is a useful weapon 'for enforcing compliance with the rules of procedure.'" *Id.* (internal citations omitted). Ultimately, determining a motion to set aside a default is a matter of discretion, reviewed for abuse of discretion. *See Bricklayers*, 779 F.3d at 186.

Regarding the Motion for a default judgment, Fed. R. Civ. P. Rule 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe,* 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quoting Fed. R. Civ. P. 55(a)).[1] "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).[2]

Default judgments "are generally disfavored and are reserved for rare occasions." *Diakuhara*, 10 F.3d at 98. Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish

---

[1] *See also* Northern District of New York Local Rule ("Local Rule") 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").

[2] *See also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

The decision to grant a motion for a default judgment is within "the sound discretion of the district court." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted). "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474, 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024) (citing *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019)). However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-CV-1193 (GTS) (CFH), 2020 WL 5229374, at *2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

## IV. DISCUSSION

Because the Motion for default judgment relies on the clerk's entry of default, the Court first considers the Cross-Motion to set aside that entry of default. After reviewing the party's submissions and weighing the factors articulated above, the Court finds good cause to set aside the entry of default and grants Defendants' Cross-Motion.[3]

[3] Plaintiff first argues that the Court should strike Defendants' submitted Memorandum of Law, Dkt. No. 13-2, and Attorney Affidavit, Dkt. No. 13-3, pursuant to Rule 11(a) of the Federal Rules of Civil Procedure because Defendants' counsel failed to sign those documents. After the Court issued notice of these deficiencies and granted fourteen days to cure, Dkt. No. 16, Defendants' outside counsel submitted signed copies of both the Memorandum of Law and the Attorney Affidavit, Dkt. No. 17.

**A. Willfulness**

A willful default occurs where a "defendant defaulted deliberately." *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998). A defendant need not act in bad faith to have defaulted willfully. *Id.* However, willfulness requires "more than merely negligent or careless" conduct. *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Instead, willfulness may be found "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* Moreover, the Second Circuit has found that where a defendant "does not deny that he received the complaint" and where a defendant "does not contend that his non-compliance was due to circumstances beyond his control," an inference of willfulness is warranted. *Guggenheim Capital LLC*, 722 F.3d at 455 (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994)).

Here, the Court finds that Defendants' default was willful and therefore weighs against vacating the entry of default. Defendants acknowledge receiving service of the summons and Complaint on July 3, 2025, and offer no reasonable excuse for failing to forward those documents to outside counsel for nearly four months, instead claiming that the delay resulted from "a natural turnaround process." Dkt. No. 13 at 5.[4] The Court finds that argument unsatisfactory, not least because it raises concerns about the sufficiency of Defendants' typical handling of litigation documents. Additionally, Defendants argue that Plaintiff's counsel was aware that Defendants' outside counsel represented Defendants in this matter and failed to advise outside counsel of the filing and service of the Complaint or the Motion via courtesy call or otherwise. *See* Dkt. No. 13-2 at 5-6; *see also* Dkt. No. 13-3 at ¶¶ 3-7, 14-16. But both arguments fail to address the fact that

---

[4] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Plaintiff properly served Defendants, as well as the nature of Defendants' circumstances once they had been served with the summons and Complaint. Thus, because Defendants do not contend that the delay resulted from any circumstances beyond their control, the Court infers that their default was willful.

**B. Meritorious Defense**

As to Defendants' proffered defense, the Court finds that it is meritorious and weighs in favor of setting aside the entry of default.

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (quoting *McNulty*, 137 F.3d at 740 (citation and internal quotation marks omitted)); *see also American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make") (citation and internal quotation marks omitted). A meritorious defense is somewhat similar to the typical "denials and defenses" included in an answer and has a "low threshold of adequacy." *Meehan*, 652 F.2d at 277; *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 993 (E.D.N.Y. Feb. 4, 1995). However, unlike an answer, more recent precedent establishes that a meritorious defense must "present more than conclusory denials." *Green*, 420 F.3d at 110 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)). To be more than a conclusory denial, an argument must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *FedEx TechConnect, Inc. v. OTI, Inc.*, 12 Civ. 1674(RJS), 2013

WL 5405699, at *8 (S.D.N.Y. Sep. 23, 2013) (citing *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993) (internal quotation marks omitted)).

Here, Plaintiff alleges eight causes of action pursuant to Section 1983 arising out of single encounter with Albany police officers: (1) unlawful seizure, (2) excessive force, (3) false arrest, (4) false imprisonment, (5) assault, (6) battery, (7) malicious prosecution, and (8) a *Monell* claim against Albany for failure to train officers. Dkt. No. 1 at 4-12. For purposes of the Cross-Motion, Defendants' asserted evidence is enough to justify finding a meritorious defense. Contrary to Plaintiff's arguments, *see* Dkt. No. 14 at 15-16,[5] the Court need not accept Defendants' assertions as true to arrive at this conclusion—its task here is to determine whether Defendants have offered evidence that, if proven, would negate Plaintiff's claims. *See In re Martin-Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985) (noting that to set aside an entry of default the defendant must show that "if relief is granted the outcome of the suit *may* be different than if the entry of default . . . is allowed to stand.") (emphasis added). Defendants have done so.

Defendants contend that Plaintiff was in violation of an existing order of protection entered against her, which they further contend would allow for a finding of probable cause. *See* Dkt. No. 13-2 at 7; Dkt. No. 13-6 at 19:5-20:18, 24:19-25:21, 39:9-20 (N.Y. Gen. Mun. Law 50-h deposition testimony that Plaintiff knew she was subject to an Order of Protection, knew she was within area covered by the Order of Protection, and had pled guilty to a misdemeanor in satisfaction of charges of violating the Order of Protection and harassment). Defendants also contend that during the encounter, "Plaintiff refused to leave and became verbally and physically violent towards the

---

[5] The Court also notes that Plaintiff misstates the procedural posture in *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007). That case was a review of the district court's grant of dismissal pursuant to Rule 12(b)(6), not a review of a decision on a motion to vacate a default judgment, and its standard of review is therefore irrelevant to this Cross-Motion. *See id.* at 98.

officers, which resulted in her arrest." Dkt. No. 13 at 7; *see* Dkt. No. 13-3 at (sworn affidavit attesting to Plaintiff's actions towards officers).[6] Moreover, Defendants assert that they are entitled to qualified immunity given that Defendants' actions were taken while they were working in their official capacities as police officers. Dkt. No. 13 at 8.

The Court finds that Defendants have put forth assertions that, if proven at trial, could constitute a complete defense to Plaintiff's claims. *See Pecarsky*, 249 F.3d at 174 (noting the need for more than conclusory denials but finding a meritorious defense where Defendants provided "claims" and "argu[ments]" which, "if proven at trial, would constitute a complete defense"). Accordingly, this factor weighs in favor of Defendants' Cross-Motion.

**C. Prejudice to Plaintiff**

As to the prejudice prong, "delay alone is not a sufficient basis for establishing prejudice" but "[r]ather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" *In re Kwok*, 22-50073, 2024 WL 386821, at *13 (D. Conn. Feb. 1, 2024) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Plaintiff asserts that she would be prejudiced if the Court granted the Cross-Motion because she "has relied on the default judgment in bringing closure to this matter which is imperative to her PTSD diagnosis" and thus any such grant "would cause a great deal of emotional distress[.]"

[6] The Court notes that sworn affidavits have consistently been accepted as sufficient for establishing a meritorious defense in this Circuit. *See e.g., Lopez v. Traffic Bar and Restaurant Inc.*, 12 Civ. 8111, 2015 WL 545190, at *5 (S.D.N.Y. Feb. 9, 2015) (finding that defendants alleged sufficient facts to establish meritorious defense where all that was provided were "far from detailed" sworn declarations asserting that plaintiffs were never employed by defendants and that all of defendants' employees were sufficiently paid). Given that Plaintiff has not yet identified the officers named as Does in this action, the Court finds the sworn affidavit of Defendants' attorney sufficient at this stage.

Dkt. No. 14 at 14. However, emotional distress resulting from disagreement with a judicial outcome is not a basis for prejudice, and Plaintiff's argument fails to assert that any delay resulting from the Court's grant of the Cross-Motion would affect any relevant evidence, discovery, or allow Defendants to engage in fraud or collusion. Therefore, the Court finds that the Plaintiff would not be prejudiced if the entry of default were set aside.

**D. Further Considerations**

Because the Court's determinations pull in both directions, the Court also considers the relevant policy principles. Here, the Court finds that the instant dispute implicates the strong public policy favoring a resolution on the merits. *See American Alliance Ins. Co., Ltd.*, 92 F.3d at 61. The parties' assertions present factual questions regarding the Plaintiff's and the police officers' actions prior to and during their encounter. Such questions are best left for a determination on the merits and should not be decided preliminarily. *See Meehan*, 652 F.2d at 277 ("Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits").

Additionally, while a roughly four-month delay clearly violates the rules, it does not so clearly raise a competing interest in judicial efficiency that outweighs the interest in settling this dispute on the merits. Indeed, courts in this Circuit have generally declined to set aside entries of default where Defendants' first appearance occurred after substantially longer periods of time. *See, e.g.*, *Bricklayers*, 779 F.3d at 186 (9 months after receipt of summons and complaint); *McNulty*, 137 F.3d at 735 (approximately a year after receipt of summons and complaint); *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir. 1978) (*per curiam*) (delayed 10 months before moving to vacate default); *Geis Construction South, LLC v. Delahunt*, 20-CV-3834 (MKB) (JMW), 2023 WL 2731692, at *7 (E.D.N.Y. Mar. 31, 2023) (fifteen months of no participation).

By contrast, where delays are shorter, courts are more likely to vacate defaults. *See, e.g., Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. Oct. 21, 2013) (finding no prejudice and vacating a default where defendant "filed an appearance with the Court less than one month after [plaintiff] filed its motion for a default judgment"); *Mathon*, 875 F.Supp. at 993 (delay of "several weeks" did not establish prejudice or justify entry of default).

Thus, in this case, the Court grants the Cross-Motion to set aside the entry of default.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Cross-Motion to set aside the entry of default, Dkt. No. 13, be **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Motion for Default Judgment, Dkt. No. 11, be **DENIED** as moot; and the Court further

**ORDERS** that Defendants are granted leave to respond to the Complaint within thirty (30) days of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 25, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge